HARTZELL, surviving administrator of BROWN, against BROWN's heirs.

Sunbury,
Tuesday,
June 9.

Administrators, who for their own interest, contest the claim of persons asserting themselves to be heirs to the intestate, are not intitled in case of failure, to charge the expenses of the suit, to the intestate's estate.
*It seems* otherwise, if the defence is made from a sense of duty as trustees.

THIS was an appeal by the surviving administrator of *Engelhart Brown*, from a decree of the Orphan's Court of *Mifflin* county.

In a supplemental account filed by the administrators, they charged the estate of their intestate, with various sums expended for costs, fees of counsel &c. in several suits brought against them by persons claiming as next of kin to *Engelhart Brown*. These suits were defended upon the ground that the plaintiffs were not the next of kin.

It appeared that on the 30th of *May* 1803, the administrators, agreeably to the ninth section of the act of 29th

*September* 1787, in relation to escheats, filed information in the office of the secretary of state, that *Engelhart Brown* had died intestate, without heirs or any known kindred, whereby his estate had escheated to the commonwealth; and in this manner entitled themselves to one third of the nett proceeds of his personal estate. More than one half of the expenses, were incurred subsequent to this information and claim; and before the suits were brought, a refunding bond with good security was filed with the proper officer, and notice given to the administrators. By the depositions there was some reason to doubt whether the plaintiffs in the suits were next of kin; but the weight of evidence was that they were, and so was the ultimate decision.

1812.

HARTZELL
*v.*
BROWN'S
Heirs.

The Orphan's Court disallowed the charges, for the following reasons.

1. Because it appeared from the proofs and depositions, that the administrators had sufficient evidence before them, before the bringing of any suit, that the plaintiffs were the legal heirs of their intestate, and that the defence of the suits which were afterwards brought, was intended for the purpose of securing a portion of the profits for themselves.

2. Because more than one half of the expense incurred, was subsequent to filing the claim of the administrators with the secretary of the commonwealth, as an escheated estate; and by the provisions of the act about escheats, the whole expense of securing the escheated estate, is to fall on the persons who made the information, as they are to have a portion of the escheated estate.

3. Because a sufficient refunding bond with good security was lodged with the proper officer, before any suits were brought, and notice of the same given to the administrators.

4. Because by no law can an administrator dissipate the very estate which is the object of the suit, in defending against a supposed claim, when there is an ultimate failure in supporting such defence. That the administrators cannot become parties in court in any contest as to who is the legal heir, but are merely stakeholders.

The Court therefore decreed that the whole of the said supplemental account should be rejected, except forty dollars, which might be considered as reasonable compensation for advice to the administrators how to proceed.

From this decree the administrators appealed.

TILGHMAN C. J. The question is, whether the adminis-trators shall be allowed the expenses of several suits brought against them by the next of kin of the intestate, to recover their shares of his estate. They defended these suits, on the ground of the plaintiff's not being the next of kin, and there appears to have been reason for doubt on this subject. I would not lay it down as a principle, that an administrator shall in no case be allowed the costs of defending a suit against persons setting themselves up as heirs. Every encouragement should be given to defend the estate against all unjust claims. But at the same time every discouragement should be given to attempts of trustees to carry on speculations for their own private interest, at the expense of the estate entrusted to them. It is clear that the administrators in this case had an eye principally to their own interest. The investigation of the fact, whether the persons claiming, were the real heirs of *E. Brown*, was to be at the expense of the estate. But one third of the estate was to go into the pockets of the administrators. To secure this, they filed an information in the secretary's office, stating that *Brown* died without heirs, in consequence of which his estate became liable to escheat. They took no further steps on this information, but lay by until it should be determined in the suits at law, whether or not the persons setting themselves up as heirs, could make good their claim. These suits having been tried, with various success, the point was finally determined against the administrators. And now they want to throw the whole costs on the estate, pretending that they acted for the best, and as their duty required. The filing of the information throws a cloud over their conduct. It tended to lead them astray from the path of duty. Although the persons claiming the estate might not have been the heirs, yet it was probable that there were heirs of *E. Brown* in *Germany*, the country from whence he emigrated. Now, can any one suppose, that after interesting themselves in the escheat of the property, the administrators would have taken pains to defeat their own object, by an enquiry in *Germany?* On the contrary, it is not uncharitable to conclude, that they consulted their own interest, more than the interest of the estate they represented. The allowance of costs in such cases, is a good deal discretionary, and should

depend very much on the purity of the administrators' conduct. In the present instance, on a full consideration of all circumstances, it appears to me, that the Orphan's Court were right in refusing to let the costs be a burthen on the estate. I am therefore of opinion that the judgment should be affirmed.

1812.

Hartzell
v.
Brown's
heirs.

YEATES J. In all cases of expenditures by executors or administrators touching the estates of the persons committed to their care, the laws of this government, and the practice of courts of justice, have ever been to make them full allowance for the sums of money by them disbursed *bona fide* in the transaction of the business of their several trusts. Where such persons have been unsuccessful in repelling claims brought against the estates of their decedents, but have proceeded with that caution and circumspection which might reasonably be expected from them in their own private concerns, their conduct will not be weighed in the nicest scale. The great test of propriety of action in them is industry, prudence, and fidelity to their trust. The information of *John Hartzell* and *Joseph Yotter*, the administrators of *Engelhart Brown*, filed with the governor on the 30th of *May* 1803, declaring that *Brown* had died intestate in 1797, leaving no heirs, whereby his estate had escheated to the commonwealth, and entitling themselves thereby to a certain proportion thereof, cannot be justified under all the circumstances of the case, consistently with these rules. The Orphan's Court of *Mifflin* county, on a full review of all the evidence, have considered forty dollars as a reasonable compensation for the expenses of the administrators since the settlement of their former account.

I concur that the decree of the Orphan's Court be affirmed. At the same time I cannot avoid saying, that from what passed on the trial of one of the suits before me, I should be inclined to think that the disbursements of the administrators up to the time of filing the information, might have been allowed. The justices of the Orphan's Court might be better acquainted with the views and acts of the administrators, than I can possibly be; I do not feel disposed at this day to disturb their decision, under all the circumstances of the case.

1812.        BRACKENRIDGE J. was prevented by sickness, from giv-
───────────  ing an opinion.
HARTZELL
   v.                                                    Decree affirmed.
BROWN'S
heirs.