## William C. Strawbridge and J. Bonsall Taylor, trading as Strawbridge & Taylor, and Joseph C. Fraley *v.* Clamond Telephone Company, Appellant.

*Corporations—Minutes — Evidence—Secondary evidence—Employment of counsel by president.*

In an action by an attorney at law to recover counsel fees from a corporation, where notice to produce the minute-book has been disregarded, secondary evidence may be introduced to show that the president of the corporation employed the plaintiff, and that his action had been subsequently ratified by a resolution of the directors.

Argued Jan. 18, 1900. Appeal, No. 342, Jan. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 1310, on verdict for plaintiffs. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit on a contract. Before BRÉGY, J.

From the record it appeared that the action was brought to recover $2,060 for legal services at $50.00 per day in examining certain patents for the defendant. The claim was based upon a contract. Notice was served upon the defendant to produce the minute-book, but this notice was disregarded. C. Hartman Kuhn, president of the company, testified that he had employed the plaintiffs, and that his action in doing so had been approved by the directors in the regular course of business, and that he believed that a resolution of approval had been offered and adopted.

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $2,232.

*Errors assigned* among others were in giving binding instructions for plaintiffs.

*James W. M. Newlin*, for appellant.—The agreement made by the president of the company, October 18, 1894, and the alleged account stated in letter of the president dated May 15, 1895, were unauthorized by the board of directors, and did not constitute a contract binding on the company. The attempted secondary evidence was insufficient.

*C. Berkley Taylor*, with him *Henry N. Paul, Jr.*, for appellees.—The power to employ counsel is one of the powers of the president of a corporation without resolution from the board: Cook on Corps. sec. 716; Ins. Co. v. Oakley, 9 Paige Ch. 496; Mumford v. Hawkins, 5 Denio, 355; Potter v. Asylum, 44 Hun, 367; Davis v. Memphis Ry. Co., 22 Fed. Rep. 883; Recamier Mfg. Co. v. Seymour, 5 N. Y. Suppl. 648.

As the defendant here received the benefit of the services of counsel and retained the opinions, the result of them, obtained as it alleges through the unauthorized action of its president, it is estopped from denying his authority: Penna. Gas Co. v. Cook, 123 Pa. 170; Manhattan Co. v. Phalen, 128 Pa. 110; McGeorge v. Chemical Co., 141 Pa. 575; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Wayne Trust Co. v. Ry. Co., 191 Pa. 90.

OPINION BY MR. JUSTICE FELL, March 12, 1900:

The only thing in dispute at the trial was the authority of the president of the corporation defendant to enter into the contract upon which the action was founded. It was conceded that services had been rendered and that the defendant might be held liable on a quantum meruit, but its liability on the contract was denied on the ground that the president had not been authorized by the board of directors to make it. The defendant offered no testimony, but relied wholly upon the incompetency and insufficiency of that offered by the plaintiff.

Before the trial a regular and timely notice was given the defendant to produce its minute-book. This notice was disregarded without an adequate reason being shown, and the president of the company was called by the plaintiff to show that his

action had been ratified and approved by the directors, and that a minute of their action had been made. This evidence was competent, and clearly sufficient to make out a prima facie case.

The notice to produce the minute-book was given in conformity with the long established practice, and it opened the way for the, introduction of secondary evidence : Worman v. Boyer, 14 S. & R. 212; Milliken v. Barr, 7 Pa. 23 ; Carland v. Cunningham, 37 Pa. 228. The president testified that his action in the matter had been approved by the directors in the regular course of business and that he believed that a resolution of approval had been offered and adopted. It further appeared as proof of ratification that the defendant had regularly made payments under the contract from its date until the failure of the company.

The judgment is affirmed.