# Cottom *v.* Wiley, Appellant.

*Evidence—Writings—Copies—Notice to produce originals.*

It is reversible error for a trial judge to admit in evidence typewritten copies of papers, the originals of which are in the hands of the opposite party, without proof that such party had been served with notice to produce the originals.

Argued April 20, 1909. Appeal, No. 28, April T., 1909, by defendant, from judgment of C. P. Fayette Co., June T., 1907, No. 221, on verdict for plaintiff in case of A. W. Cottom v. J. W. Wiley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Assumpsit for services. Before VAN SWEARINGEN, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,169.58. Defendant appealed.

*Error assigned* was in admitting the papers referred to in the opinion of the Superior Court.

*W. J. Sturgis,* of *Howell, Sturgis & Morrow,* for appellant.— It is elementary that the probata must sustain the allegata, and of course one who avers performance and fails to prove it has no right to recover: Hunn v. Penn. Inst. for the Blind, 221 Pa. 403; Diehl v. McGlue, 2 Rawle, 337; Shaw v. Fleming, 174 Pa. 52; Wikinson Mfg. Co. v. Welde, 196 Pa. 508.

To admit the papers in evidence was clear error: Patton v. Craig, 7 S. & R. 116; Eilbert v. Finkbeiner, 68 Pa. 243; Car-

land v. Cunningham, 37 Pa. 228; Bank v. Graham, 79 Pa. 106; Simpson v. Irvin, 5 Pa. Superior Ct. 471.

*D. W. McDonald*, with him *H. A. Cottom* and *James R. Cray*, for appellee.—The admission of letters and a telegram from Scott and Blair to Lackey and copies of letters from Lackey to Scott and Blair, was proper: Haughey v. Strickler, 2 W. & S. 411; Thompson v. McKelvey, 13 S. & R. 126; Wirebach v. Bank, 97 Pa. 543; Brown v. Com., 76 Pa. 319; Pratt v. Richards Jewelry Co., 69 Pa. 53; Ralph v. Brown, 3 W. & S. 395; Rhodes v. Seibert, 2 Pa. 18; Otto v. Trump, 115 Pa. 425.

OPINION BY ORLADY J., July 14, 1909:

The plaintiff brought this action of assumpsit to recover $867, with interest thereon, for services in procuring an option on coal lands, at the rate of fifty cents per acre. The defendant denied that he had ever requested the plaintiff to procure an option on the land, or that he had agreed to pay him any sum of money whatever. The trial resulted in a verdict in favor of the plaintiff for $1,169.58.

It is apparent that certain papers which were offered by the plaintiff and admitted in evidence, over the defendant's objection, contributed materially to the conclusion reached by the jury. They are designated as exhibits 2, 4, 5, 6 and 7. The plaintiff admitted of record that these were copies transcribed from stenographic notes, dictated by one F. S. Lackey, on or about the dates mentioned therein. The subject-matter contained in the papers was very important from the plaintiff's presentation of the case. They were objected to as incompetent and irrelevant, and a further objection was suggested in the words, "and no foundation laid." This part of the objection is disputed by the plaintiff, and it is not necessary to solve the controversy between counsel as to whether it is properly on the record or not. The papers offered were typewritten copies made by the stenographer, and were received in evidence without any proof that they had been transmitted by mail, or any other service to the defendant, or that any notice had been served on him to produce the originals. This action of the

court is covered by separate assignments of error, and is fatal to this verdict.

It is against principle to admit a copy of any private paper without accounting for the nonproduction of the original; a copy, in its nature, is less satisfactory evidence than the original, and when the original is in the hands of an adverse party, notice should be given to him to produce it: Patton v. Ash, 7 S. & R. 116.

In Carland v. Cunningham, 37 Pa. 228, it was stated, "It is a rule of evidence, too ancient and too well understood to require proof of its existence that the original instrument is better evidence than a copy, and that the primary source of information is better than secondary. The latter is only resorted to after the necessity for so doing is shown to exist in an inability to produce the former. If the original instrument be lost or destroyed, this is sufficient ground for secondary evidence. So if it be shown to be in the hands of the opposite party who refuses to produce it on notice. But a preliminary step to receiving proof of the contents, after proof of existence, is proof of notice to produce it. This is indispensable to the admission of secondary evidence. Inconvenience or absence from the state is not an excuse for omitting this notice. The exception would be where the party himself could not be found after diligent inquiry. Then, the law would treat the instrument as lost. Other exceptions are where the action is brought for the instrument itself; when proof of notice is not necessary."

And in Eilbert v. Finkbeiner, 68 Pa. 243, it was held that, where the plaintiff offered in evidence a copy of a letter which the court excluded and his ruling thereon was assigned for error, the Supreme Court held, "The plaintiff could not give evidence of the contents of a letter mailed by him to the defendant without having first given him notice to produce it."

As the case stood at the time the offers were made, the objection should have been sustained, and for this reason the judgment is reversed, the record is remitted to the court below and a venire facias de novo awarded.