# Watson *v.* Kelley et al., Appellants.

*Equity — Parties — Partnership — Accounting — Appeals — Harmless error.*

1. Where a bill for an accounting avers that plaintiff and defendant are partners, and during the trial defendant alleges that a person deceased was also a partner, but the court refuses a continuance so as to permit the personal representatives of the deceased to be brought in, such action is not reversible error, where the court subsequently finds as a fact, on sufficient evidence, that the deceased was not a partner.

2. Where a bill for an accounting charges that plaintiff and the first defendant named were partners, and that such defendant and another defendant named constituted a partnership which handled all the funds of the partnership in which plaintiff was interested, and had never accounted, and no objection is made to the joinder of the parties defendant, the court may under the circumstances decree an accounting against the first defendant as to the partnership in which plaintiff was interested, and also against the other partnership for moneys due by it to plaintiff's firm.

*Partnership—Accounting—Interest—Set-off.*

3. There is no unbending rule in Pennsylvania on the subject of the allowance of interest between partners; the propriety of such allowance must be determined by the circumstances and equities of each case.

4. Where one of the partners makes repeated demands upon the other for payment of what is due, but is unable to secure a settlement, he may be justified in demanding interest.

5. Where a bill has been filed for an accounting, the simple and proper method of computing the interest is to find the balance of principal due plaintiff at the time the partnership accounts should have been settled, and to charge defendant interest thereon from that date to the final decree.

6. Defendant will not be permitted to claim interest on payments made to plaintiff from the termination of the partnership to the date of the statement of the account, and to deduct it from the interest due plaintiff during the same period.

*Partnership — Accounting — Surcharge for equipment — Evidence.*

7. On a bill for a partnership accounting by one partner against the other, a claim for surcharge of the value of mine equipment will not be allowed, when the court finds that the testimony is not such as would justify an attempt to charge or surcharge either partner with any part of the equipment.

Argued February 1, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 133, Jan. T., 1927, by defendants, from decree of C. P. Center Co., May T., 1922, No. 1, on bill in equity, in case of Charles H. Watson v. M. D. Kelley and H. P. Kelley, partners, trading or lately trading as Kelley Brothers Coal Co. Decree modified and affirmed.

Bill for partnership accounting. Before POTTER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Ellis L. Orvis,* with him *Robert A. Henderson* and *W. D. Zerby,* for appellants.—All partners are necessary parties to a suit for an accounting of partnership property: Petitt v. Baird, 10 Phila. 57.

Plaintiff should have been charged with partnership property which he appropriated when the business of the partnership terminated.

Interest should not have been charged against defendant: Gyger's App., 62 Pa. 79; Grubb's App., 66 Pa. 117; Goodwill v. Heim, 212 Pa. 595; Kelley v. Shay, 206 Pa. 215.

*John Blanchard,* with him *Arthur C. Dale* and *Edmund Blanchard,* for appellee, cited as to interest: Gyger's App., 62 Pa. 79; Jones v. Farquhar, 186 Pa. 386.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 14, 1927:

Plaintiff filed a bill in equity, for an accounting and settlement of accounts, against "M. D. Kelley, H. P. Kelley, John P. Kelley, and Leo Kelley, partners, trading or lately trading under the firm name of Kelley Bros. Coal Company." The bill alleged that plaintiff and defendant M. D. Kelley had entered into a partnership for the purpose of operating a certain mine, each partner to receive one-half of the profits; that the mine was operated by the partnership from November 2, 1916, until October 29, 1918, and the coal produced was sold by Kelley Brothers Coal Co., on a commission; "that the books of account [were] in the possession of Kelley Brothers Coal Company," and no final settlement or ac-

count had been rendered to plaintiff, to whom there was a large balance due.

The individual defendants named filed an answer in which they denied that either John P. Kelley or Leo Kelley was a member of the firm of Kelley Brothers Coal Company at any time during the period covered by the transactions set forth in the bill; they also denied that Kelley Brothers Coal Company was a member of the partnership in which plaintiff was interested or that the coal company was liable to plaintiff individually or to his partnership. Defendants further averred that the partnership of which plaintiff was a member consisted, not of two members, but of M. D. Kelley, his son Edward M. Kelley, and plaintiff, each of whom was entitled to one-third of the profits of the enterprise; and finally, that there was nothing due to plaintiff,—that, on the contrary, he had been overpaid.

Though no preliminary steps, or procedure in limine, had been taken to that end, yet, before the testimony was all in, defendants sought, by motion, to have the trial stayed until Edward M. Kelley's personal representatives (he having died) should be made parties to the suit; but this motion was overruled.

Subsequently, the court below found the following facts, among others: That the partnership consisted of plaintiff and M. D. Kelley; "that Edward M. Kelley was not a bona fide partner or member of this partnership at any time during its continuance"; "that Kelley Brothers Coal Company handled all the funds of this partnership and that M. D. Kelley attended to all the financial business incident to it as well as the keeping of the books and accounts." On these facts the court decided that the action was properly brought with the omission of Edward M. Kelley as a party.

An account, stated by an accountant appointed by the chancellor, showing a net profit to the partnership of $33,287.34, was introduced in evidence and not objected to by defendants. The court ruled that plaintiff

was entitled to one-half of the profit shown by the account, less $12,896.17 already received by him, or, in short, that he was entitled to $3,747.50, plus interest from the termination of the partnership to September 28, 1925 (the date of the statement of the account), $2,051.99. The bill was dismissed as to John P. Kelley and Leo Kelley, but it was decreed that there was due to plaintiff from defendants "M. D. Kelley and H. P. Kelley, formerly trading under the firm name of Kelley Brothers Coal Company," the sum of $5,799.49, with interest from September 28, 1925. M. D. Kelley and H. P. Kelley have appealed.

The point most strongly pressed by appellants is that the decree could not be made properly without including Edward M. Kelley as a party to the action. This contention, of course, is based on an assumption that Edward M. Kelley was a member of the partnership with plaintiff. Clearly, if not a copartner, he was not an essential party to the instant suit. As to this, it is enough to say, there is ample evidence on the record before us to support the chancellor's finding that Edward M. Kelley never was a member of the partnership; such being the finding, it will not be disturbed on appeal: Kelley v. Shay (No. 2), 206 Pa. 215; Ambridge Boro. v. Phila. Co., 283 Pa. 5, 10; Hamilton v. Bates, 284 Pa. 513, 515, 518; Unger v. Edgewood Garage, 287 Pa. 14, 16. Under the circumstances, the nonjoinder of Edward M. Kelley's personal representatives affords no ground for reversing the decree.

Much of the evidence, including plaintiff's denial that there was any change in the partnership agreement, and the fact that defendants had paid him more than one-third of the profits, points to the conclusion that the latter's interest was at no time reduced from one-half to one-third, as insisted by defendants. Since, under the original agreement, plaintiff was entitled to one-half of the profits, there is ample evidence to support the chancellor's finding that plaintiff was entitled to one-half the

balance shown in the account; but defendants object to the charging of interest against them for the period prior to the final decree.    There is no unbending rule in this State on the subject of the allowance of interest between partners; the propriety of such allowance must be determined by the circumstances and equities of each case: Gyger's App., 62 Pa. 73, 79; Kelley v. Shay, supra, 217. Here, plaintiff testified that he had made repeated demands for payment of what was due him, but was unable to obtain any settlement.    The court below decided that the circumstances warranted allowance of interest to plaintiff, and we are not convinced that this was unjustified.    See Magilton v. Stevenson, 173 Pa. 560, 566; Jones v. Farquhar, 186 Pa. 386, 397, 399.    We think, however, that the interest was calculated on an unjustifiable basis.    The accountant appears to have computed interest on $16,643.67, as due to plaintiff from January 1, 1919, to September 28, 1925, amounting to $6,732.36, and then to have reckoned, what he calls "counter items of interest due to defendants," taking the payments made by them to plaintiff and charging him with interest thereon from their respective dates to September 28, 1925, amounting in all to $4,680.37, and deducting this amount from the above $6,732.36, credited as due to plaintiff, thus leaving $2,051.99 as the net amount of interest due and awarded to him.    The simple and proper method of computing interest in this case is to find the balance of principle due plaintiff at the time the partnership accounts should have been settled, charging defendants interest thereon from that date.    In short, to award plaintiff interest on $3,747.50 from January 1, 1919, to the date when the account was actually stated in the court below, September 28, 1925; or, now, to date of final decree.

Defendants sought to have plaintiff surcharged with the value of certain mine equipment that had been furnished by M. D. Kelley, for which it was claimed defendants should be given credit.    Concerning this claim, the

court below found that "M. D. Kelley furnished two mules, some mine cars and some rails, which, at the termination of the partnership were either returned to his possession or left on the premises," and in the opinion the court says, "The [testimony as to the] amount of equipment furnished by each partner is very vague and indefinite, so much so that we have no definite means of arriving at the quantity or the value......No doubt, had Kelley taken charge of his equipment at the termination of the partnership, as did the plaintiff of his, he [Kelley] would have gotten his share of it........The testimony......is not such as would justify us in attempting to charge or surcharge either partner with it or any part of it." After examining the evidence we are of opinion that the conclusions of the court below on this point are correct.

The decree was entered against "M. D. Kelley and H. P. Kelley, formerly trading under the firm name of Kelley Brothers Coal Company." As said above, the evidence indicates M. D. Kelley alone, not Kelley Brothers Coal Company, as plaintiff's partner, but no argument was made before us denying the liability of H. P. Kelley with M. D. Kelley, and apparently no such point was raised in the court below. On the other hand, it was admitted that Kelley Brothers Coal Co. had sold the entire product of the mine in question, and there is nothing on the record to show that any account was ever rendered of these sales; in fact, from defendants' answer and from the testimony and form of account prepared by the official accountant, it may readily be inferred that Kelley Brothers Coal Co. had, in fact, never so accounted. The coal company was under a duty to settle for the moneys in its hands, and, admittedly, all funds which plaintiff claims were derived from sales made by that concern. All interested parties were in court and no objection was made to the decree on the ground that M. D. Kelley alone had been shown to be liable as a partner, or on the ground that, in adminis-

tering relief, the court should not go beyond the enforcement of that liability. While the entering of the present decree against "M. D. Kelley and H. P. Kelley formerly trading under the name of Kelley Brothers Coal Company," the selling agents for plaintiff's firm, instead of against M. D. Kelley alone, as the nonaccounting member of the partnership alleged by plaintiff, is, perhaps, a short cut which would not ordinarily be allowed, yet, since no objection is made by appellant on this ground, we do not feel called upon, of our own motion, to disturb the decree for that reason.

The decree is affirmed except as to the item of interest, and the record is ordered remitted so that the court below may adjust the interest in accordance with the rule laid down in this opinion. Costs to be paid by defendant M. D. Kelley.