Abercrombie et ux., Appellants, *v.* Bailey et al.

Argued January 5, 1937.   Before KEPHART C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John W. Mentzer,* for appellants.

*Edmund C. Wingerd,* with him *John P. Sipes,* for appellees.

OPINION BY MR. JUSTICE DREW, March 22, 1937:

This is an equitable proceeding to rescind a contract on the ground that it was procured by fraud. The bill alleged that the plaintiffs were induced to make a contract to buy a business on the representation that the gross business done, in a given period, was about $50,000, which representation was false and fraudulent. After a full hearing the chancellor found there was no misrepresentation and dismissed the bill. This appeal followed.

The defendant was the owner of Longview Lodge, in Fulton County, where she conducted a filling station, restaurant and tourist lodging business. She sold the real estate and business to the plaintiffs, and under the terms of the agreement received $5,000 in cash, a deed to another piece of property, and a purchase-money mortgage. This latter she assigned in trust for herself to the Peoples Pittsburgh Trust Company. Hence the trustee is joined with her as defendant. The prayer of the bill is for rescission of the contract and restoration of the status quo.

At the trial plaintiffs sought to prove that the defendant in the negotiation of the contract represented that the gross earnings of the business from September 28, 1928, to about June 1, 1931, the period she had the property, were about $50,000; that they relied upon this representation; and that it was in fact false. The defendant, in her answer and in her testimony, denied that she had made any such representation, but stated that it was in fact true, and offered other evidence to prove it.

This consisted of the testimony of William Bailey, her son, and of a series of exhibits. There were bank deposit slips duly identified as covering money earned from the business from September 28, 1928 to January 1, 1929. There were work sheets made by the son, in preparation of an income tax return for 1929. He testified that the figures on the sheets were taken from a cash book which showed the daily income of the business for 1929. A photostatic copy of the income tax return for 1930 which showed the gross of the business for that year was produced; this was corroborated by adding machine totals of monthly receipts which the son said he made from the cash book when he prepared the return. The defendant also offered records of bank deposits of earnings of the business from January 1, 1931 to March 29, 1931 and from May 10, 1931 to June 1, 1931; the period intervening between these two was covered by a memorandum of receipts kept by the son while assisting his mother in the business during this interval.

The total of these exhibits, none of which covers an overlapping period, all identified as reflecting earnings of the business, is a trifle over $50,000. It was upon this evidence, which was not contradicted in any way except by the assertion of the plaintiffs, that the chancellor found as a fact that the alleged representation was in fact true.

The principal assignment of error alleges the court erred in the admission of the work sheets and the income tax return to prove the contents of the cash book. The objection at trial was very general; it has been narrowed in plaintiffs' brief to a claim that the ruling overlooked the best evidence rule. This contention cannot be supported.

It is true the work sheets and tax return were secondary evidence of the entries in the cash book. Unless lost or otherwise unavailable (*Gorgas v. Hertz,* 150 Pa. 538; *Daly's Estate,* 55 Pa. Superior Ct. 488) the original of a book or writing must be produced where it is sought to

give evidence of its contents: *Stern v. Stanton*, 184 Pa. 468. And where the writing is in the control of the other side, a notice to produce should be given before secondary proof is allowed: *Eilbert v. Finkbeiner*, 68 Pa. 243; *De Baril v. Pardo*, 6 Sadler 148. Here it was positively testified that the cash book had been given to the plaintiff, Mr. Abercrombie, during the negotiation of the contract and was not seen afterwards. Both plaintiffs testified to a list of books received by them from defendant but denied they had received the cash book. The situation thus created is the same as that of a lost original or one withheld by the other side *(Press Publishing Company v. Reading News Agency*, 44 Pa. Superior Ct. 428; 2 Wigmore, Evidence [2d ed.] Section 1203) and actual notice to produce, because futile, was not a prerequisite to admission of the secondary proof: *Briggs v. Hervey*, 130 Mass. 186; *Pilson v. U. S.*, 249 Fed. 328. Hence, particularly here, it cannot be objected that actual notice to produce was not given; for it appeared in plaintiffs' own case that they either did not have or would not produce the cash book, and that notice would have been a vain thing.

It is alleged that the court erred in its refusal of an amendment to the bill which averred that defendant falsely represented the net earnings of the business to be $12,000 a year. The motion was made after the hearing was concluded and over a year after the bill was filed. The bill averred, and plaintiffs at the trial testified, that they placed their entire reliance upon the representation as to a $50,000 gross business, in the period between September 28, 1928, and June 1, 1931. Since the amendment contradicted the position taken at the trial in that it introduced a new matter upon which plaintiffs claimed also to have relied, the chancellor properly refused it. He exercised his discretion wisely.

There is no merit in the other assignments.

Decree affirmed; costs to be paid by appellant.