## COOPER v. BROWN.
### No. 7864.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 9, 1942.

Decided March 18, 1942.

Benjamin Gross, of Jersey City, N. J. (Harry B. Dembe, of Bayonne, N. J., Bernard A. Green, of Jersey City, N. J., on the brief), for appellant.

C. D. Shull, of Stroudsburg, Pa., for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

JONES, Circuit Judge.

The plaintiff Cooper, a citizen of New Jersey, filed a bill for an accounting in the District Court of the United States for the Middle District of Pennsylvania against the defendant, a citizen of Pennsylvania and a resident of the district. Federal jurisdiction of the case depends solely upon the diversity of citizenship of the parties, coupled with an allegation of the requisite amount in controversy.

After hearings before a master over a period of years, at which considerable testimony was taken, the matter finally came before the court below on original and supplemental reports by the master which the court treated as constituting one report and to which both parties filed exceptions. While the District Court made its own findings of fact (seeming to disregard those made by the master), in the main they are based upon the findings contained in the master's reports and in no event do they conflict substantially with the findings made by the master.

The most important point of difference between the court below and the master lies in their respective conclusions as to the plaintiff's liability for interest for a period of two and one-half years on a mortgage held by the defendant. The correct conclusion depends upon the answer to the first of the two legal questions here involved, viz., whether the evidence offered by the plaintiff was sufficient to establish a written agreement for the waiver of mortgage interest for the first two and one-half years of the mortgage term. The other question is whether the court and the master erred in limiting the charge against the defendant for income received by him from partnership property to the smaller sum admitted by the defendant rather than to either of two larger sums indicated on statements which the defendant voluntarily gave the plaintiff prior to suit in connection with efforts to settle their differences.

The facts upon which these questions are based may be summarized from the findings which are fully supported by the evidence.

In 1922 Cooper (the plaintiff), Brown (the defendant) and two others (Albert and Wyers) entered into a partnership in equal shares for the development and exploitation of real estate in Monroe County, Pennsylvania, whereof Brown was the then owner. The agreement appears to have been made in Pennsylvania. Under the arrangement the property became a partnership asset as the equal contribution of all partners, Brown having conveyed to Cooper, Albert and Wyers an undivided three-fourths interest in the property, and Cooper, Albert and Wyers having given Brown at the same time a mortgage of the interest so conveyed to them. The mortgage, which was duly recorded, provided for interest at the rate of six per cent. per annum. Several years later Albert and Wyers withdrew from the partnership, respectively transferring their interests in the partnership property, subject to liabilities, to Cooper and Brown in equal shares. Thereby Cooper became liable for two-thirds of the mortgage held by Brown. Cooper asserts that Brown by written agreement signed by all four partners waived interest on the mortgage for a period of two and one-half years from the date of the execution thereof. On the other hand, Brown testified that while a clause providing for the waiver of interest was contained in a proposed written agreement, the agreement was never actually executed because of Cooper's refusal to sign on account of a proposed assumption therein contained on the part of Cooper, Albert and Wyers to furnish whatever money was necessary to develop the property. The testimony as to whether the agreement was ever executed is conflicting. Cooper and Wyers said that it was and that Brown had the only executed copy. Cooper's notice to Brown to produce the agreement at the hearings before the master contemplated a written agreement as the basis of his claim to a waiver of interest. However, no executed copy

of such an agreement was produced. While the master seems to have been somewhat confused as to the facts in this regard, his findings clearly implied that he based Cooper's right to a waiver of interest on "an oral Agreement between the four partners entered into by them simultaneously with the giving of the mortgage". Cooper recognizes the want of any legal consequence in this finding. In his brief on this appeal he states that "the oral evidence was given only to supply the terms of the written agreement". None of the witnesses produced by the plaintiff testified to the material substance of any written agreement. Their recollection was limited to the provision that "the first 2½ years interest should be free". Moreover, the master did not find that there was a written agreement, and the District Court implied that there was none when it stated that "The conclusion of the Master is, of course, improper inasmuch as the terms of a mortgage cannot be changed by parol evidence." The questions therefore in this connection are what evidence must the plaintiff adduce in order to prove the contents of a lost or destroyed written agreement, and did the testimony which he offered supply the legal requirements.

As to the income for which the defendant was charged as received by him during his period of management of the property, the master and the court both found it to be $1,215, the amount admitted by the defendant in an exhibit attached to his answer. The plaintiff offered, and the master received in evidence, two statements which the defendant submitted to him during the course of negotiations aimed at an amicable settlement of their differences. In the one statement the income received by the defendant during the period involved appears to have been $2,302.55, and in the other statement $1,994. The defendant testified in explanation of the apparent discrepancy between the amount of income as admitted by his answer and the amounts as shown on the statements offered by the plaintiff. The master concluded that the evidence failed to show that the defendant had received more income than was admitted by his answer. The District Court, being of the opinion that the statements offered by the plaintiff were not competent as evidence, having been prepared and submitted by the defendant in an effort to compromise, approved the master's finding as to the amount of income received by the defendant from the partnership property during his period of management.

As federal jurisdiction of this case depends upon diversity of citizenship, the substantive rights of the parties are to be determined by the local law applicable accordingly as the place of contracting indicates. Cf. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R 1487. While what is substantive, and what procedural, is not always easy to define, it is our opinion that the rule which allows for the admission of a lost, destroyed, or otherwise missing written instrument relates to substance in the matter of the proofs which the rule requires to render the missing document admissible. Sufficiency of evidence is a matter of substance within the intendment of the Tompkins case. Cf. Stoner v. New York Life Insurance Co., 311 U.S. 464, 468, 61 S.Ct. 336, 85 L.Ed. 284. And, by like token, so also is the rule which prescribes the requisite quantum of proof by which sufficiency is measured. Cf. Sierocinski v. E. I. DuPont de Nemours & Co., 3 Cir., 118 F.2d 531, 534-535; Sampson v. Channell, 1 Cir., 110 F.2d 754, 758, 128 A.L.R. 394. Consequently, the rule respecting the proof of the missing contract with which we are here concerned is the rule as it exists in Pennsylvania. This, counsel for both parties impliedly concede, as they have limited their citations of authority exclusively to Pennsylvania cases.

In Pennsylvania the best evidence rule has been generally held to require that the terms of a written instrument must be proven by the production and admission in evidence of the instrument itself unless production thereof is impossible. Abercrombie v. Bailey, 326 Pa. 65, 67, 190 A. 725; Commonwealth ex rel. v. Joyce, 316 Pa. 434, 439, 175 A. 422; Perry v. Ryback, 302 Pa. 559, 568, 153 A. 770; Carland & Bierne v. Cunningham, 37 Pa. 228, 232; Cottom v. Wiley, 39 Pa. Super. 507, 509. Where the instrument cannot be produced either through its loss, destruction, or custody by one who fails or refuses to produce it, it is competent for the party who asserts its existence to prove its contents by secondary evidence either parol or written. Knight v. Gulf Refining Co., 311 Pa. 357, 360, 166 A. 880; Richards' Appeal, 122 Pa. 547, 556, 15 A. 903. But the witnesses offered to

878

prove the contents of the nonproduced writing must be shown to have read it or otherwise to have actual knowledge of its contents and they must further be able to testify at least to the substance of its contents. Richards' Appeal, supra; Coxe v. England, 65 Pa. 212, 222; Byrne's Estate, 122 Pa.Super. 413, 417, 186 A. 187; Collins v. Home Ins. Co. of New York, 110 Pa.Super. 72, 79, 167 A. 627; Estate of George H. Lepper, 106 Pa.Super. 123, 128, 161 A. 569. Necessarily the required knowledge of the contents contemplates the scope of the whole agreement. Van Horn v. Munnell, 145 Pa. 497, 503, 22 A. 985; Coxe v. England, supra; Dennis v. Barber, Pa.Sup., 6 Serg. & R. 420, 425; Collins v. Home Ins. Co. of New York, supra. And, while it is not necessary that the witness should give the exact language of the writing (Emig v. Diehl, 76 Pa. 359, 374; Estate of George H. Lepper, supra), the terms of the agreement must definitely appear from the evidence offered. Moreover, the burden of proving the contents of the writing rests upon the party asserting it. Cf. Knight v. Gulf Refining Co., supra.

■ In the light of the recognized legal standards to which we have referred the evidence adduced by the plaintiff in the instant case failed to establish either the existence or the contents of the alleged written instrument. The learned court below therefore correctly disregarded the claim of waiver of mortgage interest which the plaintiff asserted. As the plaintiff relies on the provision of a written instrument which was not proven, we need not consider the ineffectuality of the oral agreement to which the master referred, except to say that in no event did the plaintiff make out a case for the variance of the mortgage by parol evidence.

■ The plaintiff also argues that the land which was encumbered by the mortgage was the defendant's contribution to the partnership and that interest on the mortgage is but interest on his contribution as against his partners, contrary to the law of Pennsylvania. While there is no unbending rule in Pennsylvania on the subject of allowance of interest between partners, it has been said that "the propriety of such allowance must be determined by the circumstances and equities of each case." Watson v. Kelley, 289 Pa. 44, 49, 137 A. 122, 123. See, also,

Underdown v. Underdown, 279 Pa. 482, 488, 124 A. 159; Goodwill v. Heim, 212 Pa. 595, 597, 62 A. 24. In the cases just cited the facts disclose the absence of any specific agreement for interest, such as an interest bearing mortgage. The attempt of one partner to charge interest against his co-partners for his excess of partnership contribution therefore failed. Where there is an express stipulation, interest is chargeable between partners. Brown's Appeal, 89 Pa. 139, 145. In the instant case interest is allowable on the mortgage not on the basis of a partner's contribution but for a loan from one partner to the other partners. In such instance interest is properly allowable. Powers, to Use of Finn, v. Slattery, 333 Pa. 54, 60, 3 A.2d 780. On the other hand, Cooper is without any right to interest on the excess of his contribution as against Brown. There being no specific agreement for interest with respect to Cooper's contribution to the partnership, the general rule is applicable that, in the absence of express stipulation, interest is not chargeable on the accounts of partners between themselves. Powers, to Use of Finn, v. Slattery, supra; Watson v. Kelley, supra; Goodwill v. Heim, supra; Kelley v. Shay (No. 2), 206 Pa. 215, 217, 55 A. 927; Brown's Appeal, supra.

■ The question as to the charge for income which the defendant received from the partnership property during his management thereof arises because of the statements which the plaintiff offered in evidence. This involves a question as to the admissibility of the statements which is to be determined according to the law of the forum. 3 Beale, Conflict of Laws (1935), § 597.1. While facts assumed to be true for the purpose of compromise are ordinarily not competent as admissions against interest, a distinct admission of a fact will not be summarily excluded simply because it was made in connection with an effort to compromise. It is the offer to do something in furtherance of compromise which is deemed not to be admissible. West v. Smith, 101 U.S. 263, 273, 25 L.Ed. 809; Outlook Hotel Co. v. St. John, 3 Cir., 287 F. 115, 117; Rabinowitz v. Silverman, 223 Pa. 139, 144, 72 A. 378. In the instant case the statements which the defendant gave the plaintiff contained distinct admissions of fact with respect to the income which he had received from the partnership property. They were

therefore admissible, subject however to the defendant's explanation as to what the stated items of income actually embraced. West v. Smith, supra. However, the evidence disclosed by the statements was not final and conclusive. Its weight and effect were still matter for the triers of the fact to resolve. Morgan v. United States, 8 Cir., 169 F. 242, 251; Heyman v. Hanauer, 302 Pa. 56, 61, 152 A. 910; 4 Wigmore on Evidence, 3rd Ed., § 1059.

It therefore cannot be said that the master erred in receiving the statements in evidence. Nor did his failure to attach any weight or effect to them constitute error, and particularly not, in the light of the defendant's explanation and the sworn admission of his answer. The District Court was equally unimpressed by the statements. As there is evidentiary support for the finding of the master and of the court with respect to the income item, patently the finding cannot be considered as being clearly erroneous. There is therefore no basis upon which we could disturb the finding. Federal Rules of Civil Procedure 52(a), 28 U.S.C.A. following section 723c; Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 119 F.2d 704, 705. The master and the trial court having concurred upon conflicting evidence in the finding of fact with respect to the income received by the defendant, confirmation of the finding by an appellate court necessarily ensues. In re Ackerman, 2 Cir., 297 F. 224; Wootton Land & Fuel Co. v. Ownbey, 8 Cir., 265 F. 91, 97.

The judgment of the District Court is affirmed.