## Greenawalt *et al. versus* McEnelley *et al.*

1. Where evidence of cohabitation and reputation is offered to create a presumption of marriage, and the evidence of reputation is divided, the facts of such cohabitation and reputation are still proper to be taken into consideration by the jury, with the other concomitant circumstances, and if they are satisfied that the marriage is fairly established, under all the evidence in the cause, they are bound to conclude the fact of marriage.

2. The admissions of parties of the fact of their marriage are in the nature of direct proof, and are competent evidence of the fact.

3. The admissions of a party of the fact of his marriage are against his interest, and when made under circumstances of deliberation are entitled to great weight. Denials, on the contrary, being declarations in his own interest, are entitled to little weight in opposition thereto.

4. A wife is a competent witness to prove a marriage contract between herself and her deceased husband, in a contest where the legality of the marriage is in question.

October 26th 1877. Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1876, No. 180.

Ejectment by A. Greenawalt and others against Joseph McEnelley and Minnie May Guffey, by her guardian, M. M. Dick, for a tract of eighty-four acres of land. The plaintiffs claimed the land as the collateral heirs of Benjamin Guffey, deceased, while the defendant, Minnie May Guffey, through her guardian, claimed as the child of said decedent.

The plaintiffs alleged that said Minnie Guffey was not a legitimate child of said Benjamin Guffey, and that her mother, Margaret Colors, now Gilson, was not married to him. In proof of the marriage there was the direct and positive testimony of Mrs. Gilson that she was married to said Benjamin Guffey ; the admissions of their marriage by the latter on a number of occasions to different parties; the fact that he treated her as his wife and introduced her and called her such in the presence of others, together with abundant evidence of reputation and cohabitation. Mrs. Gilson testified that the marriage took place at the office of an alderman in Pittsburgh, and, it seems, at other times had made statements, which were testified to by other witnesses, at variance with this testimony. The

[Greenawalt *v.* McEnelley.]

evidence of the plaintiffs in the main went to show that the admissions of Benjamin Guffey in his lifetime indicated that no relation of marriage existed between him and Margaret Colors, and further that her statements in relation to the alleged marriage were inconsistent and unreliable.

At the trial before Logan, P. J., the defendants offered to prove by Mrs. Gilson that she was married to Benjamin Guffey in 1868, and that Minnie was born in 1864.

Plaintiffs objected on the ground that the witness was incompetent to prove a marriage contract with her alleged husband, after his death, if he were not married to witness, whose child is claiming his estate, and because the very question in the case was this alleged marriage, and for the purposes of the trial she appears as a stranger seeking to give title to her child to Guffey's estate by proving a contract of marriage, when his lips are sealed in death.

The court overruled the objection, and admitted the evidence.

The plaintiffs presented, among others, the following points, to which are appended the answers of the court:—

4. If the jury find that the declarations and admissions of Benjamin Guffey as to the alleged marriage are conflicting, sometimes admitting that he was married, and at other times denying it, until near the close of his life, then the law would raise no presumption of marriage from such conflicting statements.

Ans. " We cannot say that the admissions standing alone, disconnected from the other testimony in the cause, would raise a presumption of marriage in law, and though the point is affirmed, yet with other facts in the cause, the jury might be justified in finding therefrom a presumption in fact of marriage. Admissions of Benjamin Guffey of the fact of his marriage, would be against his interest, and if established to have been repeatedly made under circumstances evincive of deliberation, and not by mere casual and unconsidered expression, would be of great weight. Denial by him of the marriage would, however, be declarations in his own interest, and are entitled to but little weight in opposition to admissions against his interest."

5. Mrs. Gilson, formerly Margaret Colors, having testified to a time and place of her marriage, if the jury find from the evidence that she fixed a different time and place—at one time at Kelley's, in Westmoreland county, and at another time, after night, in Allegheny city, and that she did not call any alderman in the city of Pittsburgh to sustain her allegation, and produced no certificate of her marriage in Pittsburgh, and made no inquiry for the alderman—from such a state of facts the legal presumption would be that the evidence to sustain the allegation of a marriage in Pittsburgh never existed.

Ans. " That point we have refused, and answer it in the negative. The facts raised in it are proper subject-matter for your con-

4 Norris—23

[Greenawalt *v.* McEnelley.]

sideration in passing upon the credit you shall give to the woman. Her alleged contradictory statements are all proper subjects for your consideration in determining the fact of the marriage."

The court in their general charge, inter alia, said:

["Marriage may be established as all other contracts of a kindred kind, either by direct proof by some one who was a witness of the fact of the marriage, or execution of the contract, or it may be established by the admission of the parties made against their interest which is in the nature of direct proof, or it may be inferred from facts and circumstances which raise the presumption of the existence of the marriage relation. * * *]

"Coming then to the question of the admissions of the parties, they may be looked upon either as in corroboration or negation of the allegation made by Mrs. Gilson as to the fact of the marriage. It is testified by a number of witnesses that Benjamin Guffey at various times made admissions to different witnesses, testifying to the fact that he was married to this lady; and there are also in evidence admissions of a contrary character, or rather denials by him, of the fact that he was married. [The admissions of Benjamin Guffey of the fact of his marriage would be against his interest, and if once established to have been repeatedly made, under circumstances evincing their truth, and not mere casual or jocular expressions, they would be of great weight. Denials, however, by him, of his marriage are declarations in his own favor, and are entitled to little weight to contradict his admissions in opposition to his interest. Therefore, under these suggestions, you will look at the question of his admissions, which, as we have stated, are against his interest, and are entitled to great weight, and also take into consideration his denials of the fact of his marriage, which, as we have stated, are declarations in his own favor, and are entitled to little weight in opposition to admissions against his interest.]

"* * * Coming then to the question of the presumption of the marriage, which, as we have said, is inferable from circumstances, as cohabitation and reputation, it may be said, as the undoubted rule of the law, that unless cohabitation and reputation go together they do not, by themselves raise the presumption of marriage. But where there is a divided reputation, a divided reputation and cohabitation do not, by themselves, constitute presumptive evidence of the fact of marriage. In this case it is conceded that the reputation of the fact as to whether they were married or not, was divided in its character, and, therefore, there could be no presumption of the fact of the marriage raised from cohabitation and reputation; cohabitation and reputation in so far as they are developed in the cause, strengthening the one way or weakening the other, are proper circumstances to be looked at, either in affirmance of the truth of the assertions of Mrs. Gilson, and the admissions of Benjamin Guffey, or in opposition to them, as they may tend to evince a want of truth

[Greenawalt *v.* McEnelley.]

in her statement. [Whilst cohabitation and reputation are not by themselves, under the evidence in this cause, presumptive evidence of marriage, yet they are proper facts to be taken into consideration in determining the cause, as the courts say, with other concomitant circumstances, and if the jury are satisfied that the marriage is fairly established under all the evidence in the cause, the jury would be bound to conclude the fact of the marriage, or at least find the fact of the presumption of marriage.] You will, therefore, look at these circumstances in this light as illustrating the main fact in the cause."

Verdict for defendants, and plaintiffs took this writ, their assignments of error being 1 and 2, the foregoing answers to plaintiffs' points, and 3, 6 and 7, the respective portions of the charge in brackets, as noted above.

*H. P. Laird* and *H. D. Foster*, for plaintiffs in error.—It is a novel proposition, that the admission of marriage by the husband, being against his interest, is of great weight; and that his denial of it, being in favor of his own interest, is entitled to little weight. Where declarations on the question of reputation and pedigree are divided, no conclusion of marriage can be drawn therefrom.

There being no evidence legally sufficient of a marriage at any time proven by reputation, cohabitation, and divided admissions, and a marriage having been alleged to have occurred at a particular time and place, the judge should have told the jury that the whole case rested on the testimony of Margaret Gilson. and that in examining that testimony they should also take into consideration the alleged contradictory statements she had made.

Mrs. Gilson's testimony ought to have been excluded, both on the ground of the policy of the law, and that she was directly interested in the result of the action.

*Edgar Cowan* and *H. C. & J. A. Marchand*, for defendants in error.

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1877.

We need not discuss the question whether Margaret Gilson would have been a competent witness prior to the Act of April 15th 1869, Pamph. L. 30. That act clearly made her competent, this being a contest between parties claiming the estate of Benjamin Guffey, her deceased husband, by devolution. She was not called to testify against her husband, nor to any fact the knowledge of which was acquired by reason of her confidential relations with him, but as to matters within her own knowledge.

There was abundant evidence to prove the marriage. There was her own direct and positive testimony; the admission of their marriage by her husband, which is in the nature of direct proof;

[Greenawalt *v.* McEnelley.]

and there was evidence of reputation and cohabitation.   The court instructed the jury that in order to establish a presumption of marriage, there must be evidence of cohabitation as well as reputation. This is undoubtedly the rule.   See Richard *v.* Brehm, 23 P. F. Smith 144, where this subject is discussed and authorities cited by Mr. Justice MERCUR.   In this connection the court further charged : " In this case it is conceded that the reputation of the fact as to whether they were married or not was divided in its character, and therefore there could be no presumption of the fact of the marriage raised from cohabitation and reputation.   Cohabitation and reputation, in so far as they are developed in the cause, strengthening the one way or weakening the other, are proper circumstances to be looked at, either in affirmance of the truth of the assertions of Mrs. Gilson and the admissions of Benjamin Guffey, or in opposition to them, as they may tend to evince a want of truth in her statement.   Whilst cohabitation and reputation are not by themselves, under the evidence in this cause, presumptive evidence of marriage, yet they are proper facts to be taken into consideration in determining the cause, as the courts say, with other concomitant circumstances ; and if the jury are satisfied that the marriage is fairly established under all the evidence in the cause, they would be bound to conclude the fact of the marriage."   This was entirely correct ; and taking the charge as a whole, it was a sound, clear and adequate presentation of the law of the case.   The plaintiffs have selected some isolated passages from the charge, and assigned them as error, together with the answers of the court to the plaintiffs' fourth and fifth points.   In the answer to the fourth point (first assignment), the court instructed the jury that " the admission of Benjamin Guffey of the fact of his marriage would be against his interest, and if established to have been repeatedly made under circumstances evincive of deliberation, and not by mere casual and unconsidered expressions, would be of great weight. Denial by him of the marriage would, however, be declarations in his own interest, and are entitled to but little weight in opposition to admissions against his interest."   The portion of this ruling that was especially criticized was the statement that the admission by Benjamin Guffey of the fact of his marriage was against his interest.   If we concede that proposition the remainder of the paragraph is free from objection.   It is not necessary to discuss the abstract question whether admissions of marriage are against interest.   The learned judge was not dealing with abstractions : he was applying the law to the facts of the case.   As thus applied, his ruling was correct.   The admissions were clearly against the interest of Mr. Guffey.   They imposed upon him the burden of the support and maintenance of the woman and her child.   This was a direct pecuniary charge.   We throw out of the case all that was said upon the argument as to the blessings of the marriage

[Greenawalt *v.* McEnelley.]

state, and with it the scriptural citations tending to show that it "is not good for man to be alone." The interest referred to by the learned judge was a pecuniary interest, not a matter of sentiment. Taken in this sense, and applied to the facts of the case we see no error in the instruction.

We are unable to see any error in that portion of the charge embraced in the third assignment. The admissions by the parties of their marriage is in the nature of direct proof, and is certainly competent evidence of the fact. When such admission is made under circumstances that show it to be against interest, it is evidence against the person making it with the same force and effect as any other admission against interest. This has been held to be so in criminal cases. On the trial of an indictment for polygamy or adultery the prisoner's deliberate admission of his marriage to the alleged wife is admissible as sufficient evidence of the marriage: 2 Greenl. on Ev., § 461, and authorities cited in note. So in an action for criminal conversation: Forney *v.* Hallacher, 8 S & R. 159.

The remaining assignments do not require discussion. They disclose no substantial error, and the judgment therefore must be affirmed.