## Miller's Estate.

*Marriage—Husband and wife—Evidence—Competency of surviving widow.*

A woman claiming to be a surviving widow is a competent witness to prove her marriage with the decedent.

*Marriage—License—Application for license—Laches.*

A marriage is not invalidated by the fact that the woman alone procured the license; nor by the fact that there was an interval of four months between the date of the license and the date of the marriage.

Argued May 8, 1907. Appeal, No. 96, April T., 1907, by William Miller, from decree of O. C. Allegheny Co., May T., 1906, No. 182, dismissing exceptions to adjudication in Estate of Henry Miller, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication awarding a portion of the estate of Henry Miller to Catherine T. Miller.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*H. M. Scott,* with him *Harvey A. Miller,* for appellants.—It is submitted that Catherine Theresa Chambers, the alleged widow, claimant, is not a competent witness to prove the alleged marriage : Comly's Est., 185 Pa. 208 ; Greenawalt v. McEnelley, 85 Pa. 352; Drinkhouse's Est., 151 Pa. 294; Luce's Est., 3 Pa. Superior Ct. 289 ; De Silver's Est., 15 Pa. Dist. Rep. 205.

It is further submitted that the authority of the clerk of the orphans' court to grant or refuse to grant marriage licenses is a judicial, and not merely a ministerial, act, and that to properly enable him to perform his functions, both of the parties to an intended marriage must appear before him, or the other officers indicated, either separately or together, and swear to the prescribed question, and subscribe and swear to the answer : Moore v. McClelland, 1 Pa. C. C. Rep. 555 ; Biesecker's Est., 7 Pa. Dist. Rep. 70.

*M. L. Thompson*, with him *H. L. Goehring*, for appellee.—
The claimant widow is a competent witness: Comly's Est.,
185 Pa. 208 ; Luce's Est., 3 Pa. Superior Ct. 289; Drinkhouse's
Est., 151 Pa. 294; Greenawalt v. McEnelley, 85 Pa. 352;
Hines' Est., 10 Pa. Superior Ct. 124.

When the license is issued on the application of one of the
parties alone, their subsequent marriage is valid under the
statute. Courts have always construed acts relating to mar-
riages so as to uphold the marriage relation whenever possible:
Rodebaugh v. Sanks, 2 Watts, 9 ; Beelman v. Roush, 26 Pa.
509 ; Hayes v. People, 25 N. Y. 390 ; Carmichael v. State, 12
Ohio St. 553 ; Foster v. State, 31 Tex. Crim. App. 409 (20
S. W. Repr. 823) ; Askew v. Dupree, 30 Ga. 173 ; Gardiner v.
Manchester, 88 Me. 249 (33 Atl. Repr. 990) ; State v. Parker,
106 No. Car. 711 (11 S. E. Repr. 517) ; Overseers of the Poor
v. Overseers of the Poor, 2 Vt. 151.

In the absence of a positive statute declaring that all mar-
riages not celebrated in the manner therein prescribed shall be
void, any marriage regularly made according to the common
law, without observing the statutory regulations, is a valid
marriage : Meister v. Moore, 96 U. S. 76.

OPINION BY BEAVER, J., October 7, 1907 :

If Henry Miller and Catharine Chambers were legally mar-
ried and if the fact of a legal marriage was established by
competent evidence, none of the seventeen assignments of er-
ror which confront us in this case can be sustained.

That the marriage of the decedent with the appellee, who
claims to be his widow, actually took place can, under the tes-
timony, scarcely be doubted. The auditing judge distinctly
found that as a fact, based upon competent testimony. The
widow herself so testified. A marriage license procured by her
was exhibited. There was also a certificate of the marriage and
the priest who married them was called as a witness and testified
not only to the marriage but to the personal appearance of the
man and to his signature attached to an agreement which was
procured in reference to the training of any possible issue of
the marriage. This signature was admitted to be that of the
decedent. There was, therefore, abundant evidence to sus-
tain the finding of the court as to the actual marriage.

It is objected, however, that the court erred in admitting the testimony of the alleged widow. The Act of May 23, 1887, P. L. 158, relating to the competency of witnesses, expressly provides, in an exception to clause (e) of section 5, that where the "issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, all persons shall be fully competent witnesses." What was said in Comly's Estate, 185 Pa. 208, is peculiarly applicable here: "The competency of the claimant to testify as to the alleged contract of marriage was scarcely a material question. Her testimony was actually relied upon by the contestants who now object to it as perhaps the most vital to their own interests, in rebutting the presumption of a contract which arose from cohabitation and repute, by showing substantively that the attempt to make a contract had utterly failed. It was not essential to the issue, moreover, for the reason that the other proofs were amply sufficient to make out the claimant's case, but it was competent." See also Luce's Estate, 3 Pa. Superior Ct. 289; Drinkhouse's Estate, 151 Pa. 294. These latter cases are also authority for the well-known proposition, which it is not necessary to repeat, that the findings of fact by an adjudicating judge will not be reversed when based upon evidence sufficient to sustain the verdict of a jury, which is undoubtedly the case here.

It is alleged, however, that the marriage was solemnized by virtue of a marriage license procured by the woman alone and that it was, therefore, invalid. The marriage is alleged to have occurred on October 29, 1903. The Act of May 1, 1893, P. L. 27, amending the Act of June 23, 1885, P. L. 146, provides, "that one or both of the applicants shall be identified to the satisfaction of the clerk applied to for such license." It would seem, therefore, that an application by one of the parties, if identified, is sufficient.

It is also objected that, although the marriage license was dated May 8, 1903, the marriage thereunder did not take place until October 29, 1903, and that, by reason of the lapse of time, the license had lost its validity. There is nothing in the act, however, requiring the marriage to be performed within any given time,

The questions raised here were all argued in the court below and were, in our opinion, all satisfactorily disposed of. The findings of fact were based upon competent testimony and the opinion of the adjudicating judge is sustained by abundant authority.

The decree is, therefore, affirmed and the appeal dismissed at the costs of the appellant.