# Hornbake v. Hornbake, Appellant.

*Husband and wife—Former marriage—Annulment—Act of April 14, 1859, P. L. 647.*

A decree, under the provisions of the Act of April 14, 1859, P. L. 647, annulling a marriage on the ground of a valid subsisting former marriage, will not be disturbed where the findings of the jury are supported by sufficient evidence that respondent was married in 1892, lived and cohabited with his first wife for several years, that the parties were recognized as man and wife; that the respondent subsequently left his wife and married the libellant in 1910, and lived with her until 1916.

A marriage ceremony, however defective, may create the relation of husband and wife, if subsequently ratified by cohabitation, the birth of children, and the holding fort by both parties as man and wife. A mere failure to secure a marriage license, while it might lay the parties open to prosecution or fine, does not avoid the marriage relation, and after such relation had been existent, a second marriage was invalid and should be annulled.

Argued April 23, 1919. Appeal, No. 35, April T., 1919, by respondent, from judgment of C. P. Washington Co., Nov. T., 1916, No. 38, annulling a marriage contract in the case of Sybella Hornbake v. Joseph D. Hornbake. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Action for annulment of marriage under the Act of April 14, 1859, P. L. 647, on the ground of a former subsisting marriage. Before McILVAINE, P. J.

On issue framed: "Was the marriage between the libellant and the respondent on the 19th day of July, 1910, void, for the reason of the fact that the said Joseph D. Hornbake had a wife living at said time, from whom he was not lawfully divorced, as charged in the libel and denied in the answer," the jury returned a verdict in the affirmative.

The court subsequently decreed the marriage contract entered into by libellant and respondent to be wholly null and void. Respondent appealed.

*Errors assigned,* was the admission of the testimony of the alleged first wife, various rulings on evidence, and the decree of the court.

*G. P. Baker,* for appellant.—There was no proof of a former marriage: Commonwealth v. Stump, 53 Pa. 132; Patterson's Est., 237 Pa. 24; Hill v. Hill's Administrator, 32 Pa. 511; Yardley's Est., 75 Pa. 211.

The testimony of the alleged former wife was inadmissible: Bitner v. Boone, 128 Pa. 567; Yeager v. Weaver, 64 Pa. 425; Balentine v. White, 77 Pa. 20; Taylor v. Kelly, 80 Pa. 95; Canole v. Allen, Appellant, 222 Pa. 156.

*R. H. Meloy,* for appellee.

Opinion by Williams, J., July 17, 1919:

This was an action for the annulment of a marriage on the ground of a valid subsisting former marriage.

The court below entered a decree, under the Act of April 14, 1859, P. L. 647, annulling the marriage. Respondent appeals and confines the argument to one point: Was the finding of the jury supported by sufficient competent testimony?

The first contention, that the alleged first wife was not competent to testify against her husband, has the unusual element of being to respondent's disadvantage, whether she was or was not competent; if she was incompetent by reason of being his wife, nothing more need be proved to sustain the decree of the court below; if she must prove she was his wife, she was competent to do so: Greenawalt et al. v. McEnelley et al., 85 Pa. 352; Drinkhouse's Est., 151 Pa. 294; Miller's Est., 34 Pa. Superior Ct. 385; in fact it has been held that a husband is competent to prove that his marriage is void by reason of a former marriage:

Shaak's Est., 4 Brewster 305. The Act of April 21, 1915, P. L. 154, is an example of the trend of the law in the direction of extending the competency of parties as between husband and wife, but does not apply to the case in hand.

The second contention is that the evidence does not establish the prior marriage. It appears from the testimony that respondent went to Cumberland, Maryland, with a Miss Golden, in 1892; a minister performed a marriage ceremony in the presence of two witnesses; a marriage certificate was drawn up by the minister and given to the woman by respondent; they cohabited for several years and had two children, who were recognized by respondent by writing their names in the family Bible as his children; she was known in the community as Mrs. Hornbake, and respondent addressed letters to her as such; they separated and respondent married a second time, and later was divorced at his suit from the second Mrs. Hornbake; respondent married libellant in 1910, and lived with her until 1916, when she left him and brought this suit; libellant had no knowledge of respondent's relation to the first Mrs. Hornbake, or at least the jury so found.

Appellant urges that the marriage was invalid under the laws of Maryland, which require a marriage license to make effective the ties, but we are not concerned with whether the legal technicalities were complied with; a marriage ceremony, however defective, may create the relation of husband and wife, if subsequently ratified by cohabitation, the birth of children, and a holding forth by both parties as man and wife, and the jury was justified in its finding under the evidence: see 18 R. C. L. p. 447, sec. 78; statutes such as counsel for appellant assert exist in Maryland are construed as directory, where there is no express provision voiding the marriage for failure to comply with their requirements: 26 Cyc. 840; and this is particularly so of a provision requiring a license: 18 R. C. L. p. 399, sec. 19; while the failure of the parties to comply with such acts may lay them open to prosecu-

tion or fine, the marriage relation is not avoided thereby: see Rodebaugh v. Sanks, 2 Watts 9; Helffenstein v. Thomas, 5 Rawle 209. The law of Maryland, as now construed, requires only a religious ceremony to make the marriage valid, aside from any liability on the part of the minister for failure to comply with the regulation concerning a license: Feehley v. Feehley, 129 Md. 565, L. R. A. 1917 C. p. 1017 (1916).

The assignments present no reversible error and the decree is affirmed at the costs of appellant.