## Greene v. Brandt.

*H. H. Weintraub*, for plaintiff.

COUGHLIN, J., Feb. 10, 1930.—Jacob Greene, of the City of New York, State of New York, brings this bill against Melvin Brandt, of the City of Wilkes-Barre, County of Luzerne, this state, seeking to annul the marriage of his daughter, Dorothy Greene, eighteen years of age.

The bill was duly served upon defendant, who neither entered an appearance nor made answer thereto. Plaintiff alleges that by various promises, inducements and enticements the defendant persuaded his daughter to leave her home and habitation and enter into a marriage contract between the defendant and said minor daughter of plaintiff, and that at the instance of the defendant said plaintiff's daughter fraudulently represented her age as over twenty-one years, thereby procuring a license without plaintiff consenting, followed by marriage. Immediately thereafter, said minor daughter returned to the domicile of her parents at their instance.

The plaintiff avers that he has suffered an irreparable wrong and injury and prays for equitable relief in declaring the marriage null and void.

### Facts.

1. On Dec. 22, 1927, Dorothy Greene, minor daughter of plaintiff, residing in the City of New York, came to the City of Wilkes-Barre, and with Melvin Brandt, did, on Dec. 22nd, obtain a marriage license, without consent of parents, and was immediately married to the defendant, Melvin Brandt, she being then eighteen years of age.

2. Immediately upon the performance of the marriage ceremony, the said Dorothy Greene and the defendant returned to the home of plaintiff. Said

Dorothy Greene, minor daughter, remained, and said defendant, having been ordered to leave, departed.

3. The plaintiff and defendant did not cohabit together, but were thus immediately separated and have not since lived as husband and wife.

### Discussion.

This matter having come before us at the recent trial of equity cases, testimony was taken establishing the aforesaid facts. No brief has been filed.

The Act of June 23, 1885, P. L. 146, provides for the issuing of a marriage license prior to marriage, and provides for the consent of guardians or parents where parties are under twenty-one years of age. This act and the amendments thereto provide that the age of the parties and the consent of parents or guardians of such as are under the full age of twenty-one years shall be inquired into by the clerk or other officer upon whom that duty is imposed and that he shall grant a license if satisfied that there is no objection to the contemplated marriage.

It would appear under these statutes that such licenses may be granted to those under twenty-one years of age only in the event that the consent of parent or guardian is obtained. The Act of March 24, 1927, P. L. 64, provides that, after Oct. 1, 1927, no licenses to marry shall issue if either applicant therefor be under the age of sixteen years. This would indicate that even though parent or guardian consented, no license to marry could issue to one under that age. The act, however, provides that a judge of the orphans' court shall have discretion to authorize a license to be issued by the clerk of the orphans' court in special cases where one or both persons are under the age of sixteen years.

In the case at bar, complainant seeks to annul a marriage contract to which he was not a contracting party and which contract differs from the ordinary contract in that the Commonwealth is peculiarly concerned therewith. The marriage relationship is more than just a contract; it is a civil status, and once entered into can be dissolved only for the causes recognized by the State in its statutes. None of these causes is alleged in the present proceeding.

The fraud set up in this case may in theory be the loss in wages to which the parent is entitled from said minor child or the fraud of misrepresenting her age.

However, so far as we have been able to ascertain, there is no provision in the law of Pennsylvania for declaring a marriage void on the ground of the minority of the parties to the marriage. While the requirement of the law is that a minor shall not be granted a certificate to marry without the consent of the parent or guardian, the effect of the law is not to render a marriage void which is performed contrary to this requirement: Seibert v. Seibert, 3 D. & C. 142.

It is true that no justice of the peace or minister may marry a minor without the consent of the parent, but that does not affect the validity of the marriage itself: Beelman v. Roush, 26 Pa. 509. The issuing of a license under such circumstances may be visited with the penalty provided by law, but the marriage is not thereby avoided. While a penalty is imposed upon one who violates the regulatory statute, nowhere in the act is it stated that such a marriage shall be void. In the absence of a positive statute declaring that all marriages not celebrated in the manner therein prescribed shall be void, any marriage regularly made according to the common law, without observing the statutory regulations, is a valid marriage: Meister v. Moore, 96 U. S. 76. It has become established in authority that a marriage good at the common law

714

is good, notwithstanding the existence of any statute on the subject, unless the statute contains express words of nullity: Biesecker's Estate, 7 Dist. R. 70. Acts which provide for the obtaining of licenses are directory and not a declaration of what shall constitute a legal marriage and what not. It does not follow that a marriage contracted in any other form is void: Rodebaugh v. Sanks, 2 Watts, 9. Also, Helffenstein v. Thomas, 5 Rawle, 209.

It is alleged that cohabitation did not follow, but "consensus, non concubitus, facit matrimonium."

Where there is no statute fixing the age at which persons are capable of entering into the marriage relation, the common law, fixing the ages at fourteen and twelve, respectively, governs. But the regulatory statutes providing for consent of parent before granting the license do not authorize the annulment of a marriage entered into by a minor above the limitations fixed by the common law or statute: Browning v. Browning, 130 Pac. Repr. 852; Annotations 22 L. R. A. (N. S.) 1206; Annotations L. R. A., 1916 C, 741; 18 Ruling Case Law, Marriage, §§ 24, 29, 70.

We are mindful of the case of Hullahan et al. v. Paritz, 24 Luzerne Legal Reg. 183, wherein the court said: "It must have been obvious to the license clerk and to the minister that this girl was years under age, and upon them rested the solemn responsibility, for the welfare of all concerned, to probe the transaction with sharpest scrutiny." There is nothing in the present case to show any deplorable lack of care or obvious facts showing disregard of solemn responsibility.

Therefore, we conclude as a matter of law that the court is without power to grant the relief prayed for and that the bill should be dismissed.

Prayer of the petitioner is denied and the bill dismissed.

From Frank P. Slattery, Wilkes-Barre, Pa.