Heyman, Admrx., Appellant, v. Hanauer.

Argued October 7, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Albert C. Hirsch*, with him *Harold R. Stadtfeld* and *Watson & Freeman*, for appellant.—The conduct of plaintiff with respect to exhibits "G" and "H" is not inconsistent with his present position and does not amount to an admission.

The statements contained in exhibits "G" and "H" made in 1927 do not constitute an admission, and do not contain any assertion concerning, or inconsistent with, the terms of the contract of 1925, which would justify their reception in evidence.

Even if exhibits "G" and "H" otherwise constitute an admission, they are inadmissible because made as a proposition in settlement of a dispute: Sailor v. Hertzogg, 2 Pa. 182; White v. Steamship Co., 102 N. Y. 660.

Plaintiff could not offer an alleged admission in part; he must offer the whole: Yearsley's App., 48 Pa. 531; National Castings Co. v. Loomis-Manning Co., 94 Pa. Superior Ct. 309; Kull v. Mastbaum & Fleisher, 269 Pa. 202; McCord v. Durant, 134 Pa. 184; Delmont Gas Coal Co. v. Alkali Co., 275 Pa. 541; Cary v. Cary, 189 Pa. 65.

*Gifford K. Wright*, for appellee.

OPINION BY MR. JUSTICE FRAZER, November 24, 1930:

On April 3, 1925, defendant sold and assigned to Joseph Steinman his entire interest in a business owned and conducted by him under the name of Hamburger Distillery, Ltd., together with from 25,000 to 30,000 cases of whiskey then in storage. By separate writing bearing the same date, Steinman agreed to liquidate the business and return to defendant one half the net proceeds received and retain the other half in payment for his services. Later, defendant desired to be relieved from the contract, and, with assistance of plaintiff, Steinman was induced to accept a cancellation and in lieu of the agreement purchased from defendant 17,000 cases of whiskey at $14 each. Plaintiff also claimed to

have made other sales of the whiskey for defendant, pursuant to an oral understanding with him to pay a commission of 30% on all sales. Defendant, on the contrary, claimed the agreement was that plaintiff should receive a commission of 10% on all sales. An issue of fact was thus presented, whether defendant had promised to pay plaintiff a commission of 30% of the selling price of the whiskey, or whether the agreement was, as contended by defendant, that plaintiff should receive a commission of 10% on sales made by him. Defendant, in addition to denying the contract as alleged by plaintiff, presented a set-off in the sum of $24,620 with interest, which, it was claimed, represented the balance due defendant on account of money advanced plaintiff from time to time as a credit on account of commissions plaintiff expected to earn, the total advanced being $41,621 and the difference of $17,000 to which defendant conceded plaintiff was entitled for services in procuring cancellation of the contract with Steinman and in the sale of 17,000 cases of whiskey. The sole dispute was as to the amount of compensation plaintiff was entitled to receive. The jury accepted defendant's version of the transaction and returned a verdict for him in the sum of $25,000. Plaintiff appealed, assigning for error admission of designated evidence and instructions to the jury relating to such evidence, and also refusal of the court below to grant a new trial.

The evidence objected to consists of unexecuted agreements prepared by or on behalf of Heyman, and submitted to defendant for signature, which however were never actually signed. Plaintiff's argument is not only that this evidence was incompetent, but that the trial judge erred in instructing the jury it was for them to determine what weight should be given to the writings, and in so far as recitals therein favorable to plaintiff were concerned, defendant was not bound by them, because evidence was not offered to show defendant had

consented to the language used in the papers. That the relevancy of the writings may be understood, it becomes necessary to refer to the claims of the respective parties. Plaintiff claimed a commission of 30% on the entire 25,000 or 30,000 cases of whiskey which at that time he believed defendant owned or had for sale. It is conceded that 17,000 cases were sold through plaintiff in June of 1925 at $14 a case. According to plaintiff's theory of the contract, defendant owed him $71,400 on this transaction alone. Plaintiff acknowledged he received in 1925 $17,000 of this amount, claiming, however, the amount paid was on account of what was due him, and not payment in full, while defendant's contention is that the payment was full compensation for plaintiff's services in connection with the cancellation of the contract and the sale of the 17,000 cases. Plaintiff also acknowledges having received during the year 1926 $14,100, which sum he avers was on account of commissions already earned, while defendant's version is the money was advanced on account of commissions to be earned. Defendant averred the making of further payments in 1927 amounting to $8,120, which is not denied by plaintiff, the contention of the parties with respect to the purpose of these payments being identical with that as to the payments made in 1926. It thus appears that the amounts of the several payments were not disputed, the sole dispute being as to the purpose or the terms of the agreement under which they were made. It was under these circumstances that the papers Exhibits G and H, dated July 7, 1927, and September 17, 1927, respectively, were prepared by plaintiff and submitted to defendant for approval and signature. The first recited that defendant should employ plaintiff for a term of one year to sell the liquor on commissions stipulated, and to advance to plaintiff a stated sum every two weeks, such sum "to be charged against his account when final settlement is made," and "in addition thereto" plaintiff agreed "to have

charged against said account all monies advanced to
him" by defendant "since January 1st, 1927." This writ-
ing tended to contradict plaintiff's theory that he had
already earned much more than defendant had ad-
vanced him, and constituted an admission that at least
the payments made in 1927 amounting to $8,120 had
not been earned. The other paper, Exhibit H, contained
a recital that in ascertaining the amount to be paid
plaintiff in final settlement he was to be charged with
the sum of $21,720 "heretofore received by said Heyman
for services rendered in connection with the sale of
said goods during the years 1926 and 1927 to the date
hereof." It is apparent that both these writings con-
tradict the present contention of plaintiff that all pay-
ments made to him were on account of services already
rendered in the original transaction which involved the
cancellation of the contract, for which services alone
plaintiff in this suit now claims a much larger sum.
As admissions contrary to plaintiff's present contention
in bringing this action, they were clearly competent
and their weight and the effect to be given them was
for the jury. Plaintiff argues, however, that the trial
judge erred in charging the jury that defendant, though
he offered the papers, was not bound by other recitals
they contained favorable to plaintiff, especially the re-
citals in Exhibit H to the effect that defendant had
engaged Heyman's services in connection with the sale
of the whiskey, and that such services were valuable
to defendant. To secure the benefit of the admissions
it was necessary, of course, for defendant to offer the
papers as a whole. This was done. But defendant did
not thereby become bound by all recitals the papers
contained. The general rule is that admissions, no
matter when or in what form offered, are admissible
against the party by or in whose behalf they are made:
Truby v. Seybert, 12 Pa. 101, 104; Shirley v. Shirley,
59 Pa. 267, 271; Wolf v. Studebaker, 65 Pa. 459, 463.
It is equally well established that self-serving declara-

tions made by a party are not competent in his behalf. But where, as here, admissions against interest and self-serving declarations are found in the same writing, and the other party wishes to take advantage of the admissions, it becomes necessary to offer the whole of the writing, even though part of it may contain matter favorable to the party making it: Yearsley's App., 48 Pa. 531, 534. However, parts against his interest are entitled to greater weight than those in his favor (Greenawalt v. McEnelley, 85 Pa. 352, 356), and the jury may believe the admissions against himself and yet refuse to credit the statements in his own interest (Thommon v. Kalbach, 12 S. & R. 238, 239); and the party offering an admission is not bound by self-serving declarations contained in the offer, but may introduce evidence to disprove them: Yearsley's App., supra. The court below properly charged that defendant was not bound by recitals favorable to plaintiff, merely because defendant had offered them in connection with evidence of the admissions set forth. The evidence as a whole was for the jury.

The contention that the papers were inadmissible because contained in an offer of compromise is without merit. The court below properly concluded there was no proof of an offer to compromise any dispute. The writings merely constituted a draft of a contract which plaintiff hoped to have signed, wherein he was to receive compensation for the sale of the remaining liquor owned by defendant. The issue at the trial was whether there was a contract to pay plaintiff a commission of 30% on the entire stock of liquor to procure a cancellation of the contract with Steinman. When the agreement was offered in evidence, counsel for plaintiff attempted, unsuccessfully, to secure admission from defendant's witness that there had been a disagreement which the writings were intended to adjust. Neither the testimony nor the writings indicate the latter was intended as an adjustment of a dispute.

Furthermore, the papers were not offered as evidence, of admission of liability of defendant to plaintiff, but by defendant for the sole purpose of contradicting plaintiff's claim of the existence of an oral contract whereby he had earned the amount of money claimed in the suit. They tended to show no liability at any time existed, not that a supposed liability had been compromised or was attempted to be compromised. Hence, if we accept plaintiff's version of the situation, the rule would apply that a distinct admission of fact, is not to be excluded merely because made in connection with a proposition to effect a compromise: Bascom v. Danville Stove Co., 182 Pa. 427, 441, and Rabinowitz v. Silverman, 223 Pa. 139, 144.

The remaining question raised is whether the trial judge erred in refusing to grant a new trial on the ground that the verdict was contrary to the weight of the evidence. The testimony is hopelessly conflicting, and the jury were obliged to choose between the credibility of the witnesses for plaintiff and those for defendant. There was ample evidence from which they might have reached a conclusion either way, and the court below, in its opinion, states that the testimony was evenly balanced, and that the witnesses for defendant appeared to be the more credible. In view of this conflicting state of the testimony, nothing will be gained by an extensive review of it. The question was for the jury and was properly submitted to them, and we find nothing to indicate that the court below abused its discretion in refusing to set aside the verdict and grant a new trial.

The judgment is affirmed,