# Penna. Distilling Co., Inc., v. Penna. Alcohol Permit Board et al.

*Caldwell, Fox* and *Stoner*, for applicant.

*Wilhelm F. Knauer*, Special Deputy Attorney General, and *William A. Schnader*, Attorney General, for defendants.

HARGEST, P. J., December 2, 1933.—A petition for a mandamus was presented to this court, and a rule thereon was granted November 13, 1933. A motion to quash was filed, which was overruled. Subsequently an answer and return was made, and the case heard December 1, 1933.

It appeared that Pennsylvania Distilling Company made an application for a permit, pursuant to the Act of February 19, 1926, P. L. 16, and that a hearing was held by the Alcohol Permit Board August 8th and 9th. Morris R. Weiner was president, Joseph R. Steinman vice president and treasurer, and Irwin Weiner secretary of the applicant company. The proceedings progressed and to some extent rested, until, pursuant to a conference held in the office of the Attorney General on October 23, 1933, it was agreed that a new application should be made, which was made and a hearing thereon held October 24, 1933.

On November 15, 1933, 2 days after these proceedings were started, the Alcohol Permit Board made a report setting out certain reasons which the board says led it to refuse the application, and made an order dated November 15, 1933, refusing the same, although the evidence showed that there was no meeting of the board on that date. The evidence does show, however, that it formally refused the application November 1, 1933.

We think the important question before us is whether the board abused its discretion in refusing this license.

The reasons given for the alleged refusal to grant the permit are that Morris R. Weiner, Irwin Weiner, and Joseph R. Steinman were indicted on May 11,

1923, as officers of Economy Distilling Company, in the United States District Court for the Western District of Pennsylvania, for violation of the National Prohibition Act, but were acquitted by the jury on January 31, 1925; that on May 23, 1924, Morris R. Weiner, together with others, was indicted in the United States District Court for Western Pennsylvania for defrauding the United States Government in payment of taxes and for conspiring to violate the National Prohibition Act, but the indictment was quashed, and a new indictment was set aside because of the statute of limitations; that on November 9, 1926, Irwin Weiner, brother of Morris R. Weiner, together with his father and his brother-in-law, Max Lieblich, were indicted, but Lieblich pleaded guilty, and the indictments against the others were nolle prossed; that Morris R. Weiner stated in a letter dated November 12, 1931, that his personal property consisted of an automobile, personal effects, and wearing apparel of no great value, but that on September 26, 1932, he made a certified statement to a bonding company that he was worth $176,090.94; that in the oral charge of the court in the case of Heyman, Admx., v. Hanauer, 302 Pa. 56, the court said, "And then, finally, there is the matter of Steinman and Weiner, by their own admission, having been bootleggers."

It appears in the testimony taken before the board on August 8, 1933, that since 1922 these parties have had 18 Federal permits, and a State permit was granted to the same company in 1931.

It therefore appears that the only evidence upon which the board relies for its conclusion that the applicant corporation should not have a license is that certain of the officers were charged, but never convicted, of violations of the prohibition law, either State or Federal. And the charges upon which the Pennsylvania Alcohol Permit Board assumes to act, as justifying this refusal, were all in the Federal court. Notwithstanding these charges in the Federal court, from which they have been uniformly acquitted or absolved, the Federal Government has granted them a number of permits. The provision of our statute is that (sec. 4):

"No federal permit shall be registered for any applicant . . . who has, within two (2) years prior to the making of such application, been convicted of a violation of the laws of this Commonwealth, or of the United States, relating to intoxicating liquors."

The petition for an application must show that no one of the applicants has been convicted of such violation.

Notwithstanding the presumption of innocence even where one is not convicted, strengthened by the acquittal by a verdict of the jury, or a nolle pros. by the prosecuting officer, the Alcohol Permit Board has set up in this case a standard that a frank admission of a violation of the law in 1921 or 1922, as the evidence shows, would justify the refusal of a license where the officers of a corporation have had for years a permit to deal in alcoholic liquors, and there is no suggestion of any violation of the law in the use of those permits. And this standard has been set up in the teeth of the act, which justifies the granting of an application where there has not been an actual conviction within 2 years.

Another reason given by the board is that Morris R. Weiner wrote some letter, the effect of which has not been suggested to us, dated November 12, 1931, in which he represented his personal property as of practically no value, but when he was required to give a certified statement to a bonding company in 1932 he set forth his net worth as $176,090.94. So far as shown to us, we do not know whether his financial situation was changed between the writing of the letter and the making of the certified statement. It may be that he may have made

or obtained the money between the dates, and that both statements are true. And even though he may have lied to somebody in writing the letter, when he came to make a certificate upon which some important action may be predicated by the bonding company, there is no suggestion that he did not tell the truth.

Furthermore, we think that the quotation from the charge of the court in the case referred to—which quotation, however, does not appear in the case as reported—is giving to this language an importance that it ought not to have. Assuming that Steinman and Weiner made statements in the trial of a case that they had been bootleggers, so far as the evidence before us shows, their activities in that regard were prior to the holding of any licenses from either the State or the Federal Government. And if they admitted to having been bootleggers in 1921 or 1922, or thereabouts, certainly that admission should not be used to deprive them of this permit applied for, where the statute provides that a conviction only should be used for that purpose.

Moreover, everything which is now averred by the board as justifying its action, with the exception of the letter, was a matter of court record. Notwithstanding that, the board granted a permit in 1931. Let us assume that where a permit is issued, and a company would, upon the strength of that permit, invest large sums of money in plant and equipment, it would be almost intolerable to permit the Alcohol Permit Board—unless the evidence showed conduct that was reprehensible—to refuse subsequent permits for matters that had existed years prior to the granting of the first.

For these reasons, we are of the opinion that there was an abuse of discretion in this case, which justifies us in issuing the alternative writ of mandamus heretofore directed.                    From Homer L. Kreider, Harrisburg, Pa.