## Abbott's Petition

*George Mashank*, for petitioner.

MCLAUGHRY, P. J., December 30, 1935.—This case is before the court on petition for a declaratory judgment

under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. This act provides that:

"Any person . . . whose rights, status, or other legal relations are affected by a statute, . . . ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract . . . or other legal relations thereunder."

The facts, uncontradicted, are as follows: Minnie L. Abbott, a minor aged 16 years living in the City of Sharon, together with Clarence W. Davis, also a minor, living in the Borough of Sharpsville, went to the home of W. C. Applegate, an alderman in the City of Sharon, on March 20, 1935, at about 8 p.m. and requested the said alderman to marry them. The alderman proceeded to make out an application for a marriage license, directed to the Clerk of the Orphans' Court of Warren County, Pa. It was set forth in the application that the said Minnie L. Abbott was 21 years of age; the application was signed by both of the parties. Immediately thereafter the said alderman performed the marriage ceremony. The following day, on March 21, 1935, the alderman called the Clerk of the Orphans' Court of Warren County on the telephone, stated the facts to him, and requested him to issue a marriage license. The application for the license was mailed to the clerk of courts at Warren, Pa., on March 21st, the day after the marriage ceremony was performed, and the license did not reach the alderman until March 22d. It is uncontradicted that both of the participants in the marriage are minors, and that their parents did not consent to the issuing of a marriage license, nor to their marriage.

It is further alleged that the said Clarence W. Davis and the said Minnie L. Abbott have never lived together and are now making their residence with their respective parents.

It is contended by the petitioners, Minnie L. Abbott by Ernest C. Abbott, her father and next friend, and Minnie

L. Abbott, that this marriage is null and void for the reason that both of the parties are minors and did not have the consent of their parents, as provided by law; that the application for license was not made to the proper authority; that no marriage license was issued authorizing any person to marry the said Clarence W. Davis and Minnie L. Abbott prior to the time the marriage ceremony was performed, and that the marriage license issued on March 21, 1935, by the clerk of courts of Warren County, Pa., was irregular, illegal and void.

The Act of June 23, 1885, P. L. 146, as amended by the Act of June 18, 1895, P. L. 202, reads as follows:

"That from and after the first day of June, Anno Domini one thousand eight hundred and ninety-five, no person within this Commonwealth shall be joined in marriage, until a license shall have been obtained for that purpose from the clerk of the orphans' court in the county wherein either of the contracting parties resides, or in the county where the marriage is performed".

It is evident from a reading of this act of assembly that Clarence W. Davis and Minnie L. Abbott, both being residents of Mercer County, could not obtain a marriage license in Warren County and have the marriage ceremony performed in Mercer County. It is true that residents of Mercer County may obtain licenses in other counties of this Commonwealth, but when this is done the marriage must be performed in the county out of which the license issued. If persons outside of Mercer County obtain a license in Mercer County, the marriage must be performed in Mercer County.

It is apparent also that on March 20, 1935, when the marriage ceremony was performed by the alderman, no license had been issued. The law is clear in this regard; it says that "no person within this Commonwealth shall be joined in marriage, until a license shall have been obtained for that purpose."

Do these provisions of the act only set forth the duties of persons who contemplate marriage and of those who

perform the ceremony, or do they mean that persons who marry without complying with the provisions of the act are not legally married? We think the law is clear as to the interpretation of this part of the Act of 1885. In 26 Cyc. 850, we find:

"The general rule, however, in those states in which a license is required is that a marriage celebrated without a license is valid, unless the statute expressly provides that marriage shall be void, although the persons officiating or parties may be punishable criminally. And the same rule applies where a license has issued from the wrong county."

In Biesecker's Estate, 4 Lack. L. N. 4, we find stated what we believe to be the law in Pennsylvania:

. "The Act of 1885, according to its title, relates to marriage licenses and provides for officers to issue licenses for parties to marry. Section 1 says, that 'no person, within this Commonwealth shall be joined in marriage, until a license shall have been obtained for that purpose.' It then proceeds to prescribe the form of certificates, the method of obtaining the license and of keeping the records, the duties of parents and guardians, and the penalties on officers and ministers who fail to comply with the regulations of the Act. A penalty of one hundred dollars is imposed upon the minister, justice or other officer who shall solemnize a marriage ceremony without a license having been first obtained by the parties marrying. Nowhere in the Act is it stated that such a marriage shall be void. It is true that according to the first section, no persons shall be joined in marriage without a license; but this phrase may refer to the act of the person solemnizing the marriage as well as to that of the persons about to marry. The expression is much too weak and insignificant to indicate a legislative intent to declare a marriage invalid if performed without a license."

In a later case, Shouey v. Shouey, 16 D. & C. 693, 696, this question was again discussed, and it was held that, even though the provisions of the act of assembly are disregarded by the marriage of a minor without the consent

of the parents, this does not affect the validity of the marriage itself. The court there said:

"However, so far as we have been able to ascertain, there is no provision in the law of Pennsylvania for declaring a marriage void on the ground of the minority of the parties to the marriage. While the requirement of the law is that a minor shall not be granted a certificate to marry without the consent of the parent or guardian, the effect of the law in not to render a marriage void which is performed contrary to this requirement: Seibert v. Seibert, 3 D. & C. 142.

"It is true that no justice of the peace or minister may marry a minor without the consent of the parent, but that does not affect the validity of the marriage itself: Beelman v. Roush, 26 Pa. 509. The issuing of a license under such circumstances may be visited with the penalty provided by law, but the marriage is not thereby avoided. While a penalty is imposed upon one who violates the regulatory statute, nowhere in the act is it stated that such a marriage shall be void. In the absence of a positive statute declaring that all marriages not celebrated in the manner therein prescribed shall be void, any marriage regularly made according to the common law, without observing the statutory regulations, is a valid marriage".

It is evident from the facts in this case that the parties were married by the alderman before there was any license issued. The alderman had no legal right to perform the marriage and is subject to the penalty imposed by law. It is also apparent that Minnie L. Abbott was under the age of 21, and the consent of her parents was not given, but she did sign an affidavit claiming to be 21 years of age. Such an act is unlawful and she would be subject to a penalty. However, the parties went to the alderman with the full intention of becoming husband and wife and so expressed themselves to the alderman, and the marriage ceremony was performed by one entitled to perform the same and, even though celebrated without a license, is valid. There is no provision in the law of Pennsylvania for declaring a marriage void on the ground of

the minority of the parties to the marriage. We, therefore, are unable to adjudge that the petitioner is not the legal wife of Clarence W. Davis.

### Order

And now, December 30, 1935, this matter came on to be heard on petition, whereupon, after due consideration, the prayer of the petitioner is refused.

From W. G. Barker, Mercer.