## Shaffer v. Harris

*Gilbert E. Long*, for plaintiff.

BRAHAM, P. J., March 15, 1950.—This is a bill in equity to annul a marriage. Plaintiffs are the parents of Margaret Shaffer, a girl 16 years of age, whose marriage with defendant, Dale Harris, in August 1949 at Russell, Ky., is attacked.

The facts, as they have been found from the evidence, are briefly these: Margaret Shaffer, aged 16, and Dale Harris, who is more than 21, had been keeping company. Defendant wanted to marry the girl. He was encouraged in this plan by an uncle who took the young girl and defendant to Kentucky to be married. He advised Margaret to state her age as 19, believing that to be the age below which consent of parents was required by Kentucky law. When the parties came before the license clerk Margaret stated her age to be 19. The clerk, being more familiar with Kentucky law said it would be better if the age were 21; whereupon Margaret said she was 21. A license was issued, the parties were married, and they returned to this county where they lived together for a short time.

The suit is in equity and a decree pro confesso has been entered. The case comes before the court upon the taking of testimony for the preparation of a final decree.

Two authorities are cited by plaintiffs as precedents for this unusual suit. In Hullahan et al. v. Paritz, 75 P. L. J. 128, defendant induced a girl 17 years of age to misrepresent her age as 21. The marriage was never consummated. The proceeding was in equity and a decree was granted. In Penxa et al. v. Tanno, 15 D. & C. 79, a 13-year-old girl brought a bill in equity by her mother to secure annulment of her marriage with a Japanese 28 years old. She had obtained a license by falsely swearing she was 21 years old. The marriage was annulled.

Of the Hullahan and Penxa cases the Messers. Freedman in their excellent work on Marriage and

Divorce in Pennsylvania, vol. 1, page 31, have this to say: "These decisions, however, are unsupportable either on principle or on authority". The Penxa case is perhaps also distinguishable because the girl was under the age of consent. In each case the marriage was never consummated.

It has indeed been definitely ruled in our State that courts of equity have no jurisdiction to annul marriages. The leading case is Pitcairn v. Pitcairn, 201 Pa. 368, where it was ruled that equity has no jurisdiction to annul a marriage because of the lunacy of a party. In Eisenberg v. Eisenberg, 105 Pa. Superior Ct. 30, the court dismissed a bill in equity for annulment of a marriage because there was no jurisdiction in equity and because by the Act of May 2, 1929, P. L. 1237, 23 PS §10, the courts of common pleas have been expressly given power to grant a divorce where the marriage has been induced by fraud. The fraud alleged in the Eisenberg case was in the wife's falsely stating before marriage that she was in sound health whereas she suffered from epilepsy.

The case at bar seems particularly outrageous to plaintiffs because adults persuaded their daughter to misstate her age and even the license clerk participated in the fraud. But the remedy they have selected is annulment of the contract of marriage for fraud. Annulment if made out declares that the status of marriage never existed: Com. ex rel. Knode v. Knode, 149 Pa. Superior Ct. 563. Even to make out a divorce for fraud it must appear that the injured person relied upon the false statement: Todd v. Todd, 149 Pa. 60. Furthermore, even in divorce the fraud must have been that of the parties and not of their friends: Zisser v. Zisser, 60 D. & C. 21. The rule as to annulment is still more strict. Where, therefore, plaintiffs' daughter herself made the false representation she could not have been deceived and it is not fraud; Seibert v. Seibert, 3 D. & C. 142.

Duress is of course ground for annulling a marriage, but the duress must have been such as to create a fear of bodily harm or actual imprisonment: Santer v. Santer, 115 Pa. Superior Ct. 1; Todd v. Todd, supra.

The point which is hard for parents to grasp in such case as this is the reluctance of the law to disturb a marriage actually consummated. There is no statute in Pennsylvania fixing the age requisite for marriage. Nothing except the age of consent fixes a limit: Beelman v. Roush, 26 Pa. 509; Greene v. Brandt 13 D. & C. 712; 1 Freedman on Marriage & Divorce, par. 30. On general principles, in the absence of a positive statute declaring void marriages not celebrated according to law, a marriage made conformable to common-law principles is good: Meister v. Moore, 96 U. S. 76. The reason is obvious. When the young are physically capable of marriage they will sometimes form unions, within or without the law. Accordingly it has been deemed better to recognize marriages actually entered into than to take the risk of bastardizing the issue of all such marriages: 1 Freedman, par. 16, page 29.

Our licensing acts are directory only. A mere failure to secure a marriage license may subject the parties to prosecution but if a ceremony is performed and the marriage consummated it is valid: Hornbake v. Hornbake, 72 Pa. Superior Ct. 605. Mere misrepresentation as to age is no ground for annulment: Shouey v. Shouey, 16 D. & C. 693, 695; Seibert v. Seibert, 3 D. & C. 142; 1 Freedman on Marriage & Divorce, par. 17.

We are not insensible of the appealing features of this case, but the law must follow broad paths designed for many cases. As the law now stands annulment of this marriage may not be obtained in equity. The present Divorce Act lists the obtaining of a marriage by fraud as ground for divorce. Whether if the action were in divorce it could prevail is of itself a question of some difficulty, as the cases cited above indicate.

The right to annulment is to be governed by Kentucky law (Schofield v. Schofield (No. 1), 51 Pa. Superior Ct. 564; Travis v. Travis, 19 D. & C. 505) but the essential principles are the same. Entertaining these views we make the following

### Order

Now, March 15, 1950, plaintiffs' bill of complaint is dismissed at the cost of plaintiffs.